*Knight, Menzies, for appellant.*

*Lee, for appellees.*

---

DANIEL WILSON *v.* THOMAS MAIZE.

**Deeds—Covenants—Defect of Title.**

The acceptance of a deed requires the grantee to look to its covenant in case of a defect of title.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 1, 1873.

OPINION BY JUDGE PRYOR:

The evidence of Judge Bodley shows that the appellant was negotiating for the property for which the note in controversy was

executed as a part consideration, for some time, and after having been made fully conversant with the terms upon which he or his firm was authorized to make the trade, entered into it, with his eyes open. The deed recites in full the consideration to be paid and although the consideration in the deed is greater than the amount of the several debts and interest paid by Gillespie for Thixton, the son-in-law of appellant, still there was included in the notes a fee of Bodley and Simrall for more than three hundred dollars that Gillespie had paid in the litigation affecting this property by the creditors of Thixton. A part of the contract was that all three were to be paid, and this makes up the sum for which the notes were given. The appellant fixes the price to be paid by him far below the amount to which Gillespie was entitled. It is hardly to be presumed that Gillespie would surrender his purchase to the appellant at such a sacrifice when the proof conduces to show that at the time appellant purchased the property it was thought that he had obtained it at a low price. It is evident that both the appellant and his son-in-law had every opportunity of knowing what moneys Gillespie had paid for the latter and with any effort on their part could have discovered this alleged error long prior to the attempt made in the present case to coerce the payment of the purchase money. We are satisfied that the ignorance now relied on in regard to the transaction is more affected than real. The acceptance of the deed requires the appellant to look to its covenants if there is any defect in the title. So far as this record shows the appellant has all the property he purchased. The evidence shows that the assignment of the note was made to the appellee for the purpose of discharging an indebtedness by Gillespie to him and if it more than paid appellee he was to refund it. This vested the appellee with the legal right to sell. If Gillespie had instituted the action (never having assigned the note) the result would have been the same. The assignment of the note vested the appellee with the rights only of the assignor. Judgment *affirmed.*

*S. D. Morris, for appellant.*

*Brodley & Simrall, for appellee.*